FILED
OCTOBER 20, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA J. SEARCY, | ) | 09CV5795 |
| Plaintiff, | ) | JUDGE GETTLEMAN |
| vs. | ) | MAGISTRATE JUDGE NOLAN |
| MUCH, SHELIST, DENENBERG, AMENT & RUBENSTEIN and KURT M. CARLSON, | ) | JURY DEMAND |
| Defendants. | ) | |

RECEIVED
SEP 17 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

NOW COMES Plaintiff, **PATRICIA J. SEARCY**, pro se, and complains against MUCH, SHELIST, DENENBERG, AMENT & RUBENSTEIN ("MUCH SHELIST) and KURT M. CARLSON ("CARLSON") as follows:

### NATURE OF ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by *inter alia*, the Civil Rights Act of 1991 and 42 USC § 1981 for the Defendants, MUCH SHELIST, and CARLSON, having subjected Plaintiff, Patricia J. Searcy ("SEARCY" and/or "Plaintiff") to race discrimination (disparate treatment) and retaliation despite SEARCY repeated complaints about same.

1

## JURISDICTION AND VENUE

2. This action arises under and jurisdiction is founded on 28 U.S.C. Section 1331, 1337, 1343 (4) 1345 and 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A, §§ 2000 (e) et seq., The Civil Rights Act of 1991, and 42 U.S.C. § 1981(b)

3. Declaratory and injunctive relief, damages and other appropriate legal and equitable relief are sought pursuant to Title VII and 42 U.S.C. § 1981(b).

4. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on April 13, 2008, a copy of which is attached to this Complaint.

5. Plaintiff received a right to sue letter from EEOC on June 26, 2009, a copy of which is attached to this Complaint.

6. Venue and jurisdiction is proper in this district as all of the discriminatory employment practices alleged herein were committed within this district.

## PARTIES

7. SEARCY is an African-American female who is a resident of Chicago, Cook County, Illinois.

8. SEARCY was an employee of Defendant, MUCH SHELIST, from October 13, 2008, until her termination on February 6, 2009.

9. At all times relevant, MUCH SHELIST is a professional corporation located at 191 N. Wacker Drive, Chicago, Illinois, incorporated under the laws of Illinois and doing business in Illinois.

10. At all times relevant, CARLSON, a Caucasian, is an equity partner of MUCH SHELIST and joined the MUCH SHELIST firm on October 3, 2008.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff hereby incorporates paragraphs 1-10 as though pleaded herein.

12. At all times during her employment, Plaintiff performed her job duties in a satisfactory manner and was praised for her excellent performance.

13. Beginning October 15, 2008 throughout January 20, 2009, Plaintiff complained to CARLSON, the Chair of Bankruptcy Department (and the very attorney that SEARCY followed to MUCH SHELIST from their former firm), that she believed she was being discriminated against on the basis of her race. In addition, Much Shelist is a predominantly white firm of approximately 150 employees, however, only 3% is African American.

14. On October 20, 2008, a client of CARLSON's sent a very disrespectful and derogatory email to SEARCY and CARLSON. SEARCY approached CARLSON about the e-mail and asked for an apology. CARLSON ignored the e-mail and SEARCY. Also on that same date, SEARCY informed CARLSON that she was referred to in a racially derogatory fashion. CARLSON did nothing.

15. On December 5, 2008, at 4:30 p.m., Plaintiff was reprimanded for wearing a hat when other non-African American employees wore hats in the office at that time and were not reprimanded.

16. Plaintiff worked overtime at work, worked through her lunch hours, and from home, but was not paid, although CARLSON promised compensation. In addition,

3

Plaintiff was required to perform attorney functions when other secretarial personnel were not required to perform attorney functions.

17. On January 30, 2009, Plaintiff was requested to train temporary personnel to perform her duties as the temporary secretary had no experience in the field of Plaintiff's expertise. Thereafter, on February 6, 2009, Plaintiff was terminated from her employment with no reason for her termination whatsoever. Plaintiff had never been warned in writing nor was she warned orally. Plaintiff's personnel file contained no documentary record of any misconduct or anything negative. Plaintiff was given 5 weeks severance pay and presently receives unemployment benefits.

## COUNT I

### Title VII and Section 1981 Race Discrimination

18. Plaintiff hereby incorporates paragraphs 1-18 as though pleaded herein.

19. The above referenced actions constituted unlawful race discrimination in violation of Title VII and Section 1981(b).

20. The conduct of the Defendant with respect to Plaintiff constituted malice of reckless indifference to the federally protected rights of the Plaintiff.

21. As a proximate result of the practices alleged, the Plaintiff has suffered and will continue to suffer substantial and irreparable injury, embarrassment, humiliation and mental anguish, loss of income, other monetary benefits, and other damages.

## COUNT II

### Title VII and Section 1981 Retaliation

22. Plaintiff hereby incorporates paragraphs 1-21 as though pleaded herein.

4

23. In response to Plaintiff's complaints of discrimination, Plaintiff was subjected to the adverse actions described above, and retaliated against in violation of Title VII and Section 1981.

24. Through its actions, Defendant acted with malice and/or reckless indifference to Plaintiff's federal protected rights.

25. MUCH SHELIST and CARLSON has intentionally retaliated against SEARCY, based upon her warning and requesting the attorneys do their own work. Thereafter, Defendants created a hostile, retaliatory and offensive work environment by treating her differently than other employees and terminating her employment on February 6, 2009. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e *et seq*, as amended by, *inter alia,* the Civil Rights Act of 1991.

26. As a proximate result of the practices alleged, the Plaintiff has suffered and will continue to suffer substantial and irreparable injury, embarrassment, humiliation and mental anguish, loss of income, other monetary benefits, and other damages.

## COUNT III

### Unpaid Wages/Overtime under FLSA

27. Plaintiff hereby incorporates paragraphs 1-26 as though pleaded herein.

28. Defendant is an "employer" and Plaintiff is an "employee" under the FLSA.

29. The Fair Labor Standards Act, 29 U.S.C. § 207(e)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. The FLSA provides

5

that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees and other appropriate relief.

30. Defendant violated the FLSA by regularly and repeatedly failing to properly compensate Plaintiff for the actual time she worked each week.

31. Defendant also willfully failed to pay overtime pay and other benefits to Plaintiff.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

## COUNT IV

### Unpaid Wages/Overtime under IMWA

33. Plaintiff hereby incorporates paragraphs 1-32 as though pleaded herein.

34. Defendant is an "employer" and Plaintiff is an "employee" under Illinois Statute § 20 ILCS §§ 105, *et seq*.

35. Illinois Statute § 20 ILCS §§ 105, *et seq*. (the "Act") requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 provides that employers who violate the provisions of the Act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

36. Defendant violated Illinois Statute § 20 ILCS §§ 105, *et seq*. by regularly and repeatedly failing to properly compensate Plaintiff for the actual time she worked each week.

37. Defendant also willfully failed to pay overtime pay and other benefits to Plaintiff.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

## COUNT V

### Unpaid Wages/Overtime under IWPCA

39. Plaintiff hereby incorporates paragraphs 1-38 as though pleaded herein.

40. Defendant is an "employer" and Plaintiff is an "employee" under Illinois Wage Payment and Collection Act ("IWPCA").

41. The IWPCA requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. The IWPCA also requires employers to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

42. Defendant violated Illinois Statute § 20 ILCS §§ 115, *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff for the actual time she worked within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiff his rightful wages by the next scheduled payday after his separation.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiff prays for the following:

(a) Trial by jury on the charges raised in her Complaint;

7

(b) That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the acts cited;

(c) That this Court permanently enjoin Defendant, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

(d) That this Court order Defendant to provide the Plaintiff reinstatement or front pay, any and all lost benefits and back wages with pre- and post judgment interest;

(e) That this Court award Plaintiff compensatory and punitive damages and any other damages to which Plaintiff might be entitled; and

(f) That this Court award Plaintiff the costs and disbursements of this action and reasonable attorneys' fees pursuant to 42 U.S.C., Section 1988 and other appropriate statutes.

Dated: September 17, 2009.

Respectfully submitted,

PATRICIA J. SEARCY

By: *Patricia J. Searcy*
Pro Se Plaintiff

PATRICIA J. SEARCY
9224 South Laflin Avenue
Chicago, IL 60620
Telephone: 773/744-2695
patriciasearcy@ymail.com

8

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2009-04004 |
|---|---|---|

Illinois Department Of Human Rights                and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Patricia Searcy** | Home Phone (Incl. Area Code)<br>**(773) 952-7610** | Date of Birth<br>**09-12-1954** |
|---|---|---|

Street Address                     City, State and ZIP Code
**4331 S. Michigan, Chicago, IL 60653**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**MUCH SHELIST DENENBERG AMENT & RUBE** | No. Employees, Members<br>**101 - 200** | Phone No. (Include Area Code)<br>**(312) 521-2000** |
|---|---|---|

Street Address                     City, State and ZIP Code
**191 N. Wacker Dr., Chicago, IL 60606**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address                     City, State and ZIP Code

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br>☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*<br>Correct | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                Latest<br>                        02-06-2009<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I had been employed by Respondent since October 13, 2008 as a Legal Secretary. During my employment I was subjected to different terms and conditions of employment, including but not limited to, not being paid for overtime, being reprimanded when similarly situated non-Black Legal Secretaries were not, being required to perform attorney functions, being accused of not performing my duties and referred to in derogatory terms. On February 4, 2009, I was informed that I was terminated effective February 6, 2009. I was replaced by a non-Black contract employee who had to be trained to perform the duties of my position.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
APR 13 2009
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Apr 13, 2009          *Patricia J. Searcy*<br>Date               Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

June 25, 2009

Patricia Searcy
4331 S. Michigan
Chicago, IL 60653

        **Charging Party: Patricia Searcy**
        **Respondent: Much Shelist Denenberg Ament & Rube**
        **EEOC Number: 440-2009-04004**

Dear Ms. Searcy:

The enclosed Dismissal and Notice of Rights was sent to you on May 29, 2009 via certified mail. However, the Postal Service returned it to the Commission because **it was unclaimed.**

We are sending it via regular mail so that you may have another opportunity to receive it.

Sincerely,

John P. Rowe
District Director

**CHICAGO DISTRICT OFFICE**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
500 WEST MADISON STREET, SUITE 2000
CHICAGO, ILLINOIS 60661

OFFICIAL BUSINESS

7001 0320 0006 1100 0047



NIXIE    608    SE 1        22    06/15/09
            RETURN TO SENDER
            UNCLAIMED
            UNABLE TO FORWARD

BC: 60661259200    *2942-00501-15-38

5066102592

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Patricia Searcy<br>4331 S. Michigan<br>Chicago, IL 60653 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail 7001 0320 0006 1100 0047 CP

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2009-04004 | Laura A. Walker,<br>Investigator | (312) 353-7222 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

5/25/2009
(Date Mailed)

cc: MUCH SHELIST DENENBERG AMENT & RUBE

**RECEIVED EEOC**

JUN 1 9 2009

**CHICAGO DISTRICT OFFICE**